# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 24-4691 PA (KSx) | Date | June 18, 2024 |
| Title | Carli Rodriguez v. City of Hope | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS—ORDER TO SHOW CAUSE

Before the Court is a Notice of Removal of Action Pursuant to 28 U.S.C. §§ 1331, 1441, 1446 and 1453 [CAFA Jurisdiction] filed on June 5, 2024. (Docket No. 1.) On June 17, 2024, this matter was transferred to this Court as a case related to <u>Graciela Rodriguez v. City of Hope National Medical Center</u>, CV 24-2761 PA (KSx) ("Rodriguez I"). (Docket No. 10.) This case and the other twelve related cases involve claims arising from a data breach that the City of Hope National Medical Center ("City of Hope") disclosed to its patients on April 2, 2024, that took place between September 19 and October 12, 2023 ("Data Breach"). The class action complaint in this matter was originally filed in Los Angeles County Superior Court, Case No. 24STCV09935.

In the other twelve cases, the Court ordered City of Hope to provide a statement establishing its state of incorporation and principal place of business. The Court additionally ordered City of Hope to submit information concerning the patients or former patients that were notified of the Data Breach, so that the Court could determine the applicability, if any, of 28 U.S.C. § 1332(d)(4)(B). (Docket No. 18, Rodriguez I.) City of Hope filed its response to the Court's May 7, 2024 Order on May 15, 2024. (Docket No. 20, Rodriguez I.) City of Hope confirmed its California citizenship, and also provided the following information:

1.  City of Hope identified 815,687 individuals impacted by the data breach;

2.  City of Hope provided notice by mail to 689,385 individuals for whom they had last known mailing addresses;

3.  City of Hope provided "substitute notice" to the remaining 126,302 individuals;[1/]

---

[1/]   City of Hope did not provide any additional information regarding the form or result of the "substitute notice."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-4691 PA (KSx) | Date | June 18, 2024 |
|---|---|---|---|
| Title | Carli Rodriguez v. City of Hope | | |

 4. Out of the individuals with mailing addresses, 609,929 or 88.47% had California mailing addresses;

 5. Out of the notices sent to individuals with mailing addresses, 76,329 notices, or 12.5% were returned;

 6. 67,625 or 82% of the returned notices had been mailed to individuals with California addresses; and

 7. City of Hope is "in the process" of identifying individuals that are currently deceased but that were provided notice (either by mail or by "substitute notice").

 In its response, City of Hope stated that "[a]fter factoring in returned mail that was sent to California addresses, approximately 66% of the total notified data subjects had a last known mailing address in California." The Court concluded, however that the City of Hope relied on the assumption that none of the individuals notified by "substitute notice" had an address in California and that none of those who had California addresses, but had their mail returned, remained in California. The Court noted that City of Hope did not provide any reason to believe that this was the case, or why this number would not actually be similar to the percentage of individuals with known mailing addresses in California (88.47%). The Court stated that even if this group consisted of only 10% or 20% of individuals with California addresses, the actual percentage of California class members would likely be far higher than the 66% figure cited by City of Hope. As a result, on June 7, 2024, the Court issued an Order to Show Cause in the other twelve class actions requiring the parties to show cause why the Court should not dismiss the actions under the mandatory abstention provision of 28 U.S.C. § 1332(d)(4), or alternatively, under the discretionary provision of § 1332(d)(3). (Docket No. 12, Rodriguez I.)

 The home state exceptions to jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(3) and (d)(4) may also apply in this case. Accordingly, the Court orders the parties to show cause why the Court should not remand this action under the mandatory abstention provision of 28 U.S.C. § 1332(d)(4), or alternatively, under the discretionary provision of 28 U.S.C. § 1332(d)(3). The parties' briefs in response to this Order to Show Cause should be filed no later than June 28, 2024.

 IT IS SO ORDERED.