JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-4691 PA (KSx) | Date | August 16, 2024 |
|---|---|---|---|
| Title | Carli Rodriguez v. City of Hope | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Kamilla Sali-Suleyman | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**  IN CHAMBERS–COURT ORDER

Before the Court is a Motion to Remand filed by plaintiff Carli Rodriguez ("Plaintiff"). (Docket No. 14.)  The matter is fully briefed.  (Docket Nos. 16, 27, 29 & 30.)  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument, and the hearing calendared for August 19, 2024 is vacated.

## I.  Background

On June 5, 2024, Defendant City of Hope National Medical Center ("Defendant" or "COH") filed a Notice of Removal ("NOR"), removing this class action from Los Angeles County Superior Court.  (Docket No. 1.)  In its Notice of Removal, Defendant asserts that the Court possesses original subject matter jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d).

Plaintiff's Class Action Complaint, filed on April 19, 2024, asserts seven causes of action for: (1) negligence; (2) breach of implied contract; (3) breach of express contract; (4) violation of the Confidentiality of Medical Information Act ("CMIA") (Cal. Civ. Code § 56); (5) violation of California Unfair Competition Law (Cal. Bus. & Prof. Code § 17200); (6) unjust enrichment; and (7) violation of the right of privacy under Article 1, § 1 of the California Constitution.  Plaintiff seeks to certify a class of all citizens of the State of California whose personal information was exposed in a data breach that occurred between September 19, 2023 and October 12, 2023.  (Complaint ¶ 27.)  The Complaint also alleges that Plaintiff is a California citizen.  (Id. ¶ 9.)

The NOR alleges that minimal diversity exists "because City of Hope and Plaintiff, as well as members of the alleged putative class, are citizens of different states."  (NOR ¶ 22.)  The NOR further alleges that there are thirteen related class actions pending before this Court, and

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-4691 PA (KSx) | Date | August 16, 2024 |
|---|---|---|---|
| Title | Carli Rodriguez v. City of Hope | | |

that Plaintiff is part of a nationwide class alleged in the first-filed case, Graciela Rodriguez v. City of Hope National Medical Center, CV 24-2761 PA (KSx).[1/] (NOR ¶¶ 24-25.)

Plaintiff now moves to remand this action, arguing that the Court lacks subject matter jurisdiction under CAFA because there is no minimal diversity.

**II.    Legal Standard**

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994).  A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  A notice of removal must contain a "short and plain statement of the grounds for removal."  Id.  A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).

Federal courts have original jurisdiction pursuant to CAFA.  28 U.S.C. § 1332(d).  CAFA gives federal courts jurisdiction over certain class actions, defined in § 1332(d)(1), if the class has more than 100 members, any class member is a citizen of a state different from any defendant, and the amount in controversy exceeds $5 million.  28 U.S.C. § 1332(d)(2)(5)(B). For purposes of diversity jurisdiction, a "natural person's state citizenship is...determined by her state of domicile, not her state of residence."  Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).  A corporation is a citizen of the states in which it is incorporated and the state in which it has its principal place of business.  28 U.S.C. § 1332 (c)(1).  Under CAFA, minimal

---

[1/]     All told, there were fourteen pending class actions relating to the COH data breach. Twelve of these cases were initially filed in federal court and assigned to this Court as related cases.  Out of those twelve, however, only two remain.  In the other ten cases, the named plaintiffs have each filed a Notice of Voluntary Dismissal.  Two of the data breach class actions – including this case – were originally filed in Los Angeles County Superior Court and removed to this Court.  The plaintiff in the second removal case has also filed a Motion to Remand. (Danica Haskins v. City of Hope National Medical Center, CV 24-6031 PA (KSx), Docket No. 13).)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-4691 PA (KSx) | Date | August 16, 2024 |
|---|---|---|---|
| Title | Carli Rodriguez v. City of Hope | | |

diversity exists if "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).[2/]

There is "no antiremoval presumption" in cases invoked under the Class Action Fairness Act of 2005, which should be interpreted "broadly in favor of removal." Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89 (2014); Jauregui v. Roadrunner Transp. Servs., Inc., 28 F.4th 989, 993 (9th Cir. 2022); Jordan v. Nationstar Mortg. LLC, 781 F.3d 1178, 1184 (9th Cir. 2015). Nevertheless, the burden of establishing removal remains with the removing party. Ibarra v. Manheim Invs., Inc., 775 F.3d 1193, 1199 (9th Cir. 2015).

A civil action that satisfies the requirements of the CAFA "does not mean that it must be filed in federal court"; it "may also be filed in state courts, which enjoy concurrent jurisdiction over such actions." Ehrman v. Cox Communications, Inc., 932 F.3d 1223, 1226–27 (9th Cir. 2019). A plaintiff, as a master of her own complaint, may choose a state court over a federal court by limiting her claims through a well-pleaded complaint. See Tanoh v. Dow Chem. Co., 561 F.3d at 953, 955 (9th Cir. 2009) (affirming remand where complaint alleged a class of plaintiffs with less than 100 members).

## II.  ANALYSIS

Defendant's Notice of Removal alleges that the Court possesses original jurisdiction based on CAFA – specifically because there is minimum diversity, that matter in controversy exceeds $5,000,000, and that the proposed classes are comprised of more than 100 members.

---

[2/]    "Congress enacted CAFA in 2005 to 'curb perceived abuses of the class action device which, in the view of CAFA's proponents, had often been used to litigate multistate or even national class actions in state courts.'" Corber v. Xanodyne Pharm., Inc., 771 F.3d 1218, 1222 (9th Cir. 2014) (en banc) (quoting Tanoh v. Dow Chem. Co., 561 F.3d 945, 952 (9th Cir. 2009)). Thus, "CAFA was intended to strongly favor federal jurisdiction over interstate class actions." King v. Great Am. Chicken Corp, Inc., 903 F.3d 875, 878 (9th Cir. 2018). "Congress provided exceptions to CAFA jurisdiction, however, to allow truly intrastate class actions to be heard in state court." Adams v. W. Marine Prod., Inc., 958 F.3d 1216, 1220 (9th Cir. 2020) (alteration in original). Plaintiff also argues that two these exceptions – the mandatory home state exception and the discretionary home state exception ( 28 U.S.C. §§1332(d)(3) and (d)(4)(A)) – justify remand of this action. Plaintiff's arguments regarding the applicability of the home state exceptions to CAFA need not be reached, however, because, as discussed below, the minimal diversity requirement has not been met.

JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-4691 PA (KSx) | Date | August 16, 2024 |
|---|---|---|---|
| Title | Carli Rodriguez v. City of Hope | | |

Defendant alleges that even though both Plaintiff and Defendant are citizens of California, and Plaintiff seeks to represent a class comprised of solely of California citizens, the parties are diverse because of the other related class actions seeking to certify nationwide classes. (NOR ¶ 26). Defendant argues that Plaintiff's attempt to escape CAFA jurisdiction by limiting her class definition to California citizens is "plainly improper," and that the Court should "look behind the pleadings" to ensure that Plaintiff is not improperly destroying federal jurisdiction. (NOR ¶ 27.)

Plaintiff argues that there is no minimum diversity because her class definition is expressly limited to California citizens, and that Defendant cannot "manufacture diversity" by relying on the class definitions asserted in the other data breach cases. (Docket No. 16-1 at pp. 3-8.) The Court agrees. Plaintiff chose to file her action in state court. Her proposed class consists only of California citizens and she asserts only California claims. There is nothing to suggest that Plaintiff's choice was solely for the purpose of avoiding consolidation with the other pending federal cases, or to manipulate the exercise of federal jurisdiction, like in the cases cited by Defendant in its NOR and Opposition. See Sanders v. Kia Am. Inc., No. 8:23 CV-00486 JVS (KESx), 2023 WL 3974966 (C.D. Cal. June 13, 2023) (denying remand of mass tort action filed in state court by same counsel who had previously filed a consumer class action that was consolidated into a federal MDL); Simon v. Marriott International, Inc., No. PWG-19-1792, 2019 WL 4573415 (D. Md. Sept. 20, 2019) (denying remand of data breach class action filed in state court by counsel the day after voluntarily dismissing a class action that had been transferred to the district court judge presiding over the federal MDL). Unlike the defendants in Sanders and Marriott, Defendant fails to offer a valid justification to disregard the allegations of the Complaint, and look behind the pleadings to find minimal diversity in this case.[3/]

---

[3/]    Morever, the Ninth Circuit has specifically recognized that it is appropriate for a class action plaintiff to choose to limit a class definition so as to remain in state court. In Mondragon v. Capital One Auto-Fin., 736 F.3d 880, 884 (9th Cir. 2013), the Complaint alleged consumer fraud on behalf of a class comprised of individuals who signed a sales contract that was ultimately acquired by the defendant bank. Defendant removed the action, and the district court granted the plaintiff's motion to remand based on its finding that because the class was comprised primarily of California citizens, the local controversy exception to CAFA jurisdiction applied. The Ninth Circuit reversed the decision and remanded to the district court for further consideration, concluding that there must be some facts in evidence to support a finding regarding the class members' citizenship. The court noted, however, that had the plaintiff defined the class as being comprised of California citizens, it would have been appropriate for the district court to remand the action without any additional evidence of citizenship. 736 F.3d at 881-82, 885 n. 5.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-4691 PA (KSx) | Date | August 16, 2024 |
|---|---|---|---|
| Title | Carli Rodriguez v. City of Hope | | |

Thus, because there is no reason to look beyond the allegations in the Complaint, there is no minimal diversity in this case. Accordingly, the Court concludes that Defendant has failed to meet its burden of establishing the Court's subject matter jurisdiction.

### Conclusion

Based on the foregoing, the Court grants Plaintiff's Motion to Remand. Accordingly, this action is remanded to the Los Angeles County Superior Court, Case Number 24STCV09935, for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.